UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Phala Cooper (R-89023), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-CV-00307 |
| v. | ) | |
| | ) | Honorable Edmond E. Chang |
| Matthew Coghlan, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Phala Cooper, an Illinois prisoner, brings this *pro se* civil rights action, 42 U.S.C. § 1983, challenging certain aspects of the state court criminal prosecution against her. R. 1.

The threshold issue is the filing-fee requirement. Cooper applied to proceed *in forma pauperis*, but the application is denied because she could have afforded the filing fee. The Prison Litigation Reform Act requires all prisoners to pay the full filing fee, *see* 28 U.S.C. § 1915(b)(1), but permits a prisoner who is unable to prepay the fee upfront to pay it over time through monthly deductions from her trust-fund account. A prisoner seeking to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money on deposit in her account. She must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Here, Cooper's trust-fund statement shows that, right before filing this lawsuit, Cooper had $434.31 on hand in her account. *See* R. 7 at 4 (showing account balance of $434.31 on January 13, 2021.) On top of that, the statements show that, in the six months leading up to this lawsuit's filing, she received $2,344.99 in deposits to her account (averaging $390.83 per month) and that she spent over $2,000 of these

1

funds on commissary, personal service, postage, and disbursements to some other person. *Id.* at 3–4.

Because Cooper is a prisoner for whom the State provides the necessities of life, that amount of funds does not qualify her for *in forma pauperis* status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *see also Maboneza v. Kincaid*, 798 Fed. App'x 19, 21 (7th Cir. 2020) (non-precedential disposition) ("Courts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care."). If Cooper can explain how the funds were spend on living necessities (such as medical co-payments, educational expenses, and so on), then she may file a renewed application and provide the explanation. But on the current record, she does not qualify, and the motion is denied.

Cooper must pre-pay the $402.00 filing fee if she wants to proceed with this case. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Cooper's name and the case number assigned to this case. The payment is due by **July 6, 2021**. Failure to meet the deadline will result in dismissal of the case without prejudice.

As a separate matter, Cooper failed to sign the complaint. R. 1. Federal Rule of Civil Procedure 11(a) requires every pleading to be signed. So the complaint is dismissed without prejudice. Also, the complaint is not on the Court's required form, *see* N.D. Ill. L.R. 81.1, so any amended complaint should use that form. The Clerk's Office shall mail a blank complaint form to Cooper. The amended complaint is also due by **July 6, 2021**, or else the case will be dismissed without prejudice. Defendant Clark's motion to dismiss is premature in light of the need to resolve the fee status, so the motion is terminated without prejudice.

The tracking status hearing of June 4, 2021, is reset to July 16, 2021, at 8:30 a.m., but to track the case only (no appearance is required).

ENTERED:

<pre>      s/Edmond E. Chang      </pre>
Honorable Edmond E. Chang
United States District Judge

DATE: June 3, 2021